# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 06-319 |
| VINCENT J. FUMO, et al. | : | |
| | : | |

## Memorandum and Order

YOHN, J.                                                                              January ___, 2008

Presently before the court are motions filed pursuant to Federal Rules of Criminal

Procedure 8 and 14 by defendants Vincent J. Fumo, Mark C. Eister, and Leonard P. Luchko for

severance of misjoined counts and defendants or, in the alternative, for relief from prejudicial

misjoinder.  On February 6, 2007, defendants Fumo, Eister, and Luchko, as well as Ruth Arnao,[1]

were jointly charged in a 141-count indictment alleging various acts of fraud and obstruction of

justice.  The issues before the court are whether (1) as to Fumo, the charges must be severed, and

(2) as to Eister and Luchko, the defendants must be severed.


## I.        Joinder of Offenses Against Fumo

Fumo argues that the four categories of charges brought against him—(1) fraud on the

Pennsylvania State Senate, (2) fraud on Citizens Alliance and tax charges relating to Citizens

Alliance, (3) fraud on the Independence Seaport Museum, and (4) obstruction of justice—were

---

[1] Arnao has not filed a motion for severance.

1

misjoined in a single indictment.  He further argues that, if joinder was appropriate, he is entitled to relief from prejudicial joinder under Rule 14.  In other words, he argues that four separate trials are necessary:  one for each of the alleged fraudulent schemes and another for obstruction of justice.

Rule 8 governs joinder of both offenses and defendants.  In a case with multiple defendants, only Rule 8(b) applies.  The Third Circuit has held that "Rule 8(a) 'dealing with the joinder of offenses, applies only to prosecutions involving a single defendant' and that in a multi-defendant case such as this, 'the tests for joinder of counts and defendants is merged in Rule 8(b).'" *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003) (quoting *United States v. Somers*, 496 F.2d 723, 729 n.8 (3d Cir. 1974)).  Rule 8(b) provides that offenses may be charged together if they are part of the same "same act or transaction, or . . . the same series of acts or transactions."[2]  The "same act or transaction" language is defined broadly to include a "common plan or scheme."  *See, e.g., Somers*, 496 F.2d at 729-30 (acknowledging that joinder of conspiracy counts and underlying substantive counts is permissible under Rule 8(b) because "the claim of conspiracy provides a common link, and demonstrates the existence of a common scheme or plan"); *see also United States v. Haney*, 914 F.2d 602, 606 (4th Cir. 1990) (citing *United States v. Guerrero*, 756 F.2d 1342, 1345 (9th Cir. 1984)) ("Separate acts constituting

---

[2] The full text of Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

separate offenses are sufficiently related to be within the same series if they arise out of a common plan or scheme.").

In the instant case, the charges against Fumo relating to obstruction of justice, fraud on the Senate, fraud on Citizens Alliance, and fraud on the Independence Seaport Museum are properly joined because the obstructive conduct relates to the various frauds.  Obstruction of justice and the offenses underlying the obstruction charge are part of the same act or transaction: "[W]hen a defendant is charged with obstruction of justice . . . , it is proper to join the obstruction . . . offense with the underlying offense to which the obstructive conduct relates." Moore's Federal Practice § 608.02[4][a] (3d ed. 1997); *cf. United States v. Rock*, 282 F.3d 548, 552 (4th Cir. 2002) (holding witness tampering and felon in possession of a firearm charges are properly joined under Rule 8(a)'s "common scheme or plan" language, as the "witness tampering was an attempt to avoid prosecution of the firearms charge").

Demonstrating the connection between the obstruction and fraud charges, the indictment states that the conspiracy to obstruct justice occurred during the period from November 2003 through October 2005.  (Ind. 197.)  The federal investigation during that time allegedly involved all three of the alleged fraudulent schemes.  (*See* Ind. 193-94.)  The goal of the alleged obstruction was apparently to thwart every aspect of the federal investigation.  The indictment specifically alleges the following:

- "[I]n conducting this investigation [into, among other areas, fraud on the Senate, Citizens Alliance, and the Independence Seaport Museum], the government sought to obtain all pertinent e-mail and other correspondence involving [Fumo] which would shed light on all of the matters under investigation" (Ind. 193, 195-

96);

- "[P]rior to the investigation, [Fumo] and his staff never implemented a systematic practice of deleting all e-mail to and from [Fumo], nor of 'wiping' computers of existing users" (Ind. 196);

- As part of the conspiracy to obstruct justice with respect to the investigation, the defendants and others (a) "systematically destroyed e-mail communications sent to or received from" Fumo and Arnao; (b) "created and implemented a formal schedule to run specialized computer programs . . . that erased any trace of deleted electronic files on computer hard drives, servers, PC cards, and other electronic storage devices"; (c) "instructed [Fumo's] employees that under no circumstances, without [his] permission, were they permitted to save any e-mail sent to or received from [him]"; (d) "logged into the e-mail accounts of [Fumo's] employees to scan their e-mail to determine that they were, in fact, not saving any e-mail relating to" Fumo; and (e) "deleted and wiped other electronic equipment" (Ind. 198).

The indictment links the obstruction of justice charges to the fraud charges Fumo allegedly attempted to evade.  Therefore, the charges against Fumo are properly joined under Rule 8(b).

Severance of the charges against Fumo is not required by Rule 14.[3]  To be successful, "[a]

---

[3] Federal Rule of Criminal Procedure 14(a), the relevant portion of the rule, provides:

If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

claim of improper joinder under Fed. R. Crim. P. 14 must demonstrate 'clear and substantial prejudice.'" *United States v. Gorecki*, 813 F.2d 40, 43 (3d Cir. 1987) (quoting *United States v. Sebetich*, 776 F.2d 412, 427 (3d Cir. 1985)).  Fumo argues that he will be prejudiced by a single trial because of (1) jury confusion caused by the number and complexity of the charges, (2) the fact that evidence related to one fraud is not admissible to prove the others, and (3) the likelihood that the jury will improperly convict on the basis of criminal propensity.

Charges need not be severed when the evidence is easily compartmentalized by the jury. *See United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981); *cf. United States v. De Larosa*, 450 F.2d 1057, 1065 (3d Cir. 1971) (upholding the district court's decision not to sever trials of multiple defendants).  Severance is not required when "the counts of the . . . indictment d[o] not charge crimes so similar that the jury [will be] unable to segregate the evidence as to each count." *United States v. Weber*, 437 F.2d 327, 332 (3d Cir. 1970).  Moreover, severance is not required when a case is "relatively straightforward and discrete, not involving overly technical or scientific issues."  *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005) (affirming denial of a motion to sever in a case involving "three methods to embezzle union funds").  In the instant case, a properly instructed jury presented with well-organized evidence should be able to compartmentalize the evidence, as Fumo is accused of defrauding three distinct entities. Although numerous, the fraud charges are easily understandable and are not technical.  Only the obstruction of justice charges—involving efforts to rid computers and other electronic devices of e-mails—could be described as "technical," but this evidence will be discrete from the evidence of the various alleged frauds, meaning that it, too, can be compartmentalized by a properly instructed jury.

Furthermore, evidence of each of the frauds is admissible under Federal Rule of Evidence 404(b) to prove obstruction of justice and is likely admissible to prove the other frauds.  In trying the obstruction of justice charges, evidence of each of the frauds would be admissible to show the motive for the alleged obstruction.  *See* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts . . . may . . . be admissible for other purposes, such as proof of motive . . . ."); *see also, e.g.*, *United States v. Willoughby*, 860 F.2d 15, 24 (2d Cir. 1988) ("[W]hen a defendant has been charged with attempted or actual obstruction of justice with respect to a given crime, evidence of the underlying crime and the defendant's part in it is admissible to show the motive for his efforts to interfere with the judicial processes.").  Conversely, evidence of obstruction is admissible to prove Fumo's consciousness of guilt for the substantive fraud charges.  *See United States v. Kemp*, 500 F.3d 257, 296 (3d Cir. 2007) (explaining that evidence of consciousness of guilt is admissible pursuant to Federal Rule of Evidence 404(b)).

With respect to using evidence of one fraud to prove another fraud, "[e]vidence of other offenses may be received if relevant for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime."  *United States v. Stirone*, 262 F.2d 571, 576 (3d Cir. 1959), *overruled on other grounds by Stirone v. United States*, 361 U.S. 212 (1960).  Such evidence may be used to show a common plan or motive.  *See Weber*, 437 F.3d at 333 (admitting evidence of other crimes because "evidence of each of [the defendant's] alleged crimes was relevant to prove the other since each tended to demonstrate [his] plan to control pipeline construction in New Jersey for his own pecuniary benefit, his motive, and the history of the transaction").  According to the indictment, each of Fumo's alleged frauds was part of a common plan to "gain personal benefits and gratuities from others, including entities over which

he had influence." (Ind. 3.) Such evidence may also be used to prove intent, which will inevitably be a central issue in this case with respect to the fraud charges. *See, e.g.*, *United States v. Jemal*, 26 F.3d 1267, 1276 (3d Cir. 1994) (admitting under Rule 404(b), in a mail fraud prosecution, evidence of prior bad acts relevant to prove intent). The alleged regular use of the resources of the Senate, Citizens Alliance, and the Independence Seaport Museum for Fumo's personal and political benefit is relevant and admissible to prove Fumo's state of mind with respect to each of the charges. Therefore, even if the fraud schemes were tried separately, evidence regarding all would likely be admissible to prove each, and the charges need not be severed in the interest of preventing the jury from considering inadmissible evidence.

Finally, simple allegations that the jury will convict based on criminal propensity are not sufficient for severance. Even if a defendant is able to demonstrate prejudice as a result of a joint trial, Rule 14 does not require severance if the district court determines that some other relief may be more appropriate. *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). Rather, Rule 14 "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* at 539 (citations omitted); *see also* Fed. R. Crim. P. 14 ("If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . . the court *may* order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.") (emphasis added). Thus, the district court may determine that measures less drastic than severance, such as limiting instructions, will suffice to cure the risk of prejudice. *Zafiro*, 506 U.S. at 539, 540, 541. As noted above, evidence of the various categories of charges is easily compartmentalized. Assuming an organized presentation of the evidence by the prosecutor, jury instructions admonishing the jurors to consider separately each of the fraud schemes and each charge will be

7

sufficient.  Thus, Fumo's motion for severance of the charges will be denied.[4]

## II.  Joinder of Defendants Eister and Luchko

Defendants Eister and Luchko assert in separate motions that they have been improperly joined with the other defendants and that they will be prejudiced by a joint trial.  They each argue (1) that the charges against them are not sufficiently related to the charges against the other defendants, (2) that the spillover effect of a joint trial will artificially link them, in the eyes of the jury, to the frauds with which they are not charged, and (3) that they will have to sit through a lengthy trial, when all charges against them could be tried in less than two weeks.[5]

As noted above, Rule 8(b) provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  "As long as the crimes charged are allegedly a single series of acts or transactions, separate trials are not required."  *United States v. Eufrasio*, 935 F.2d 553, 567 (3d Cir. 1991).  Moreover, as observed by the United States Supreme Court, "[t]here is preference in the federal system for joint trials of defendants who are indicted together" because joint trials "promote efficiency and 'serve the interest of justice by avoiding

---

[4] In support of his motion, Fumo makes an additional argument in support of severance that is now moot.  Fumo argues that his constitutional right to counsel might be affected by the court's decision on the government's motion for the disqualification of attorney Richard Sprague and his law firm, Sprague & Sprague, because disqualification might have been ordered as to fewer than all of the alleged fraudulent schemes.  Since the time Fumo made the motion, however, he has elected to hire new counsel, mooting this issue.

[5] The government contests Luchko's assertion about trial length, stating that Luchko's belief that his trial would take two weeks is "unduly optimistic."  (Gov't's Resp. to Mots. of Luchko & Eister Alleging Misjoinder & Seeking Severance 15 & n.7.)

the scandal and inequity of inconsistent verdicts.'" *Zafiro*, 506 U.S. at 537 (quoting *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)); *see also United States v. Balter*, 91 F.3d 427, 432 (3d Cir.1996) (favorably citing *Zafiro* ).[6]

Joint participation in a conspiracy satisfies the "same series of acts or transactions" requirement.  The Third Circuit has held that Rule 8(b) "permits joinder of defendants charged with participating in the same . . . conspiracy, even when different defendants are charged with different acts, so long as indictments indicate all the acts charged against each joined defendant (even separately charged substantive counts) are charged . . . as acts undertaken in furtherance of, or in association with, a commonly charged . . . conspiracy." *Eufrasio*, 935 F.2d at 567.   The Third Circuit has agreed with the Second Circuit that "[t]he mere allegation of a conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the defendants named have engaged in the same series of acts or transactions constituting an offense." *Irizarry*, 341 F.3d at 289 n.5 (quoting *United States v. Friedman*, 854 F.2d 535 (2d Cir. 1988).

In making their arguments, Eister and Luchko ignore the fact that they are charged together with Fumo and Arnao with participation in a conspiracy.  Because Eister and Luchko are allegedly members of a conspiracy to obstruct justice, the charges against Eister and Luchko are sufficiently related to the charges against the other defendants.  In addition, as described above, it

---

[6] Eister suggests an additional requirement:  that Rule 8(b) "allows for joinder of defendants where there is some common activity involving all of the defendants which embraces *all* the charged offenses even though every defendant need not have participated in or be charged with each offense."  (Mem. in Supp. of Eister's Mot. for Relief from Prejudicial Misjoinder or Severance 3 (emphasis added) (citing *United States v. Sazenski*, 833 F.2d 741, 745 (8th Cir. 1987).)  That view, however, is the minority, as recognized by one half of an en banc panel of the Eighth Circuit.  *See United States v. Grey Bear*, 863 F.2d 572, 584 & 585 n.9 (8th Cir. 1988) (citing the First, Second, Fourth, Fifth, Sixth, Seventh, Ninth, Eleventh, and D.C. Circuits' more permissive standards requiring only a logical relationship and commonality of proof).

is proper to try together the obstruction charges and the underlying substantive offenses.  Thus, the offenses against Eister and Luchko are properly joined under Rule 8(b).

Severance of the defendants is not required under Rule 14 in the instant case.  A defendant bears a heavy burden when moving for separate trials.  *See Eufrasio*, 935 F.2d at 568. Mere allegations of prejudice are insufficient to meet this burden.  *United States v. Giampa*, 904 F. Supp. 235, 265 (D.N.J. 1995).  Nor should prejudice be found in a joint trial simply because not all evidence adduced is germane to all counts against each defendant.  *Balter*, 91 F.3d at 433. Nor is a defendant entitled to severance merely because he may have a better chance of acquittal in a separate trial.  *Zafiro*, 506 U.S. at 540.  Rather, a defendant seeking to succeed on a motion for severance must "pinpoint 'clear and substantial prejudice' resulting in an unfair trial."  *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992) (quoting *Eufrasio*, 935 F.2d at 265). Indeed, given the preference for joint trials noted above, the Supreme Court has held that when defendants are properly joined under Rule 8(b), a district court should grant a Rule 14 motion for severance only "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro*, 506 U.S. at 539.

The Third Circuit has noted that prejudice sufficient to warrant severance might occur in the following situations:  "(1) a complex case involving many defendants with markedly different degrees of culpability; (2) a case . . . where evidence that is probative of one defendant's guilt is technically admissible only against a co-defendant; and (3) a case where evidence that exculpates one defendant is unavailable in a joint trial."  *Balter*, 91 F.3d at 432-433 (citing *Zafiro*, 506 U.S. at 539).  On the other hand, "[p]articipants in a single conspiracy should ordinarily be tried

10

together for purposes of judicial efficiency and consistency, even if the evidence against one is more damaging than that against another." *United States v. Ward*, 793 F.2d 551, 556 (3d Cir. 1986). This is so because "joint trials of defendants charged under a single conspiracy aid the finder of fact in determining the 'full extent of the conspiracy,' and prevent 'the tactical disadvantage to the government from disclosure of its case.'" *United States v. Voigt*, 89 F.3d 1050, 1094 (3d Cir. 1996) (internal citations omitted) (quoting *United States v. Provenzano*, 688 F.2d 194, 199 (3d Cir. 1982); *United States v. Jackson*, 649 F.2d 967, 973 (3d Cir. 1981)).

In the instant case, the presumption of trying alleged co-conspirators together, supported by principles of judicial economy, outweighs Eister's and Luchko's concerns. Neither Eister nor Luchko argues that evidentiary issues are relevant to the decision whether to sever this trial. Even if they did, those arguments would be unavailing: as explained above with respect to Fumo's severance arguments, evidence of the charged frauds involving Fumo and Arnao would be admissible pursuant to Federal Rule of Evidence 404(b) to explain the motive for the obstruction efforts, even if the obstruction charges against Eister and Luchko were tried alone.

The inconvenience of a longer trial, involving multiple defendants, is not a violation of "a specific trial right," *Zafiro*, 506 U.S. at 539. It is true that Eister and Luchko have been charged in a relatively small number of counts compared to Fumo and Arnao.[7] But, though this case involves many charges, the schemes that form the basis of those charges are not complex. The government states that it will present its evidence in two months, which is not an unreasonably long length of time, and a substantial portion of that evidence will involve the obstruction

---

[7] Fumo has been charged in 148 counts; Arnao has been charged in fifty-five counts; Luchko has been charged in twenty-nine counts; and Eister has been charged in five counts.

11

charges.  Finally, any potential spillover effect of a joint trial is insufficient to outweigh the costs of separate trials.  Given the varied and discrete roles the different defendants are alleged to have played and the distinct and easily understandable nature of the offenses charged, a jury will be able to compartmentalize the evidence against the separate defendants.  Eister and Luchko have not pointed to a likelihood of "clear and substantial prejudice" that cannot be alleviated through the prosecution's presentation of evidence in an organized manner and my instruction to the jury regarding its obligation to consider the evidence against each defendant separately.  Therefore, Eister's and Luchko's motions for severance of the charges will be denied.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                              |   |                 |
|------------------------------|---|-----------------|
| UNITED STATES OF AMERICA     | : |                 |
|                              | : | CRIMINAL ACTION |
| v.                           | : |                 |
|                              | : | NO. 06-319      |
| VINCENT J. FUMO, et al.      | : |                 |
|                              | : |                 |

## Order

YOHN, J.

      And now, this ___ day of January 2008, upon careful consideration of the motions for relief from misjoinder and for severance of charges and defendants filed by defendants Vincent J. Fumo (Docket No. 113), Mark C. Eister (Docket No. 124), and Leonard P. Luchko (Docket No. 135-3), and of the government's response thereto, IT IS HEREBY ORDERED that the motions are DENIED.

                                                  ___ s/ William H. Yohn Jr. _____
                                                  William H. Yohn Jr., Judge